# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0768V

| | |
|---|---|
| NEIL SAINT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2025 |

*Joseph P. Shannon*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 16, 2024, Neil Saint filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – shoulder injury related to vaccine administration - as the result of influenza vaccine received on September 4, 2022. Petition, ECF No. 1. On March 14, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 26.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,448.03 (representing $34,475.30 in fees plus $972.73 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 26, 2025. ECF No. 30. Counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 30 at 2.

Respondent reacted to the motion on March 28, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 31. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorney Jonathan Svitak and his supporting paralegals are reasonable and consistent with our prior determinations, and shall be adopted. But rates requested for attorney Joseph Shannon require adjustment.

Petitioner seeks the following rates for Mr. Shannon: $550.00 for 2023; $590.00 for 2024; and $630.00 for 2025. He was, however, previously awarded lesser rates ($500.00 for time billed in 2023 and $531.00 for time billed in 2024). *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from *Wood,* and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce attorney Shannon's rates for work performed in 2023-24, consistent with *Wood*. **Application of the foregoing reduces the fees to be awarded by $25.00**.[3]

For work performed in 2025, Mr. Shannon's proposed rate of $630.00 would reflect an increase of $99.00 from the previous year, which is excessive and greater than what I would usually award. This rate also exceeds the maximum amount allowed for Mr. Shannon's experience level, based on the Fee Schedules[4] range of attorneys with over thirty-one years' experience, further reflecting a disproportionate rate increase. Instead, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys[5], and taking into account Mr. Shannon's extensive Vaccine Act experience, **a rate of $594.00 is more appropriate for work performed by Mr. Shannon in 2025**, and represents a significant increase of $63.00 from the previous year.

---

[3] This amount consists of lowering Joseph Shannon's hourly rate for 2023 and is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.50 hours billed in 2023) = $25.00 in fees to be reduced.

[4] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

**Application of the foregoing reduces the amount of fees to be awarded by $2,454.30.**[6]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 30-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $32,968.73 (representing $31,996.00 in fees plus $972.73 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                             **s/Brian H. Corcoran**
                                             Brian H. Corcoran
                                             Chief Special Master

---

[6] This amount consists of lowering Joseph Shannon's hourly rates for years 2024-25 and is calculated as follows: ($590.00 - $531.00 = $59.00 x 40.50 hours billed in 2024) + ($630.00 - $594.00 = $36.00 x 1.80 hours billed in 2025) = $2,454.30 in fees to be reduced.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.